IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARK,

                Plaintiff,

      v.

LISA NORTHROP, Forest Supervisor
of the Mt. Hood National Forest, and
U.S. FOREST SERVICE, a federal agency,

                Defendants

   and

INTERFOR U.S., INC., a Washington
Corporation

                Defendant-Intervenor.

No. 3:13-cv-01267-HZ

OPINION & ORDER

David H. Becker
Law Office of David H. Becker, LLC
833 SE Main Street # 302
Portland, OR 97214

/ / /
/ / /

1 - OPINION & ORDER

Brenna B. Bell
Bark
PO Box 12065
Portland, OR 97212

    Attorneys for Plaintiff

Beverly F. Li
U.S. Department of Justice
Environment & Natural Resources Division
601 D Street, NW
PO Box 7611
Washington, DC 20044

    Attorney for Defendants

Robert L. Molinelli
Scott W. Horngren
American Forest Resource Council
5100 SW Macadam, Suite 350
Portland, OR 97239

    Attorneys for Defendant-Intervenor

HERNÁNDEZ, District Judge:

Defendants are the prevailing party and seek costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Defendants seek $2,148.57 for the TIFF conversion, Bates stamping, coding, and duplication of the administrative record onto two compact discs (CDs). Plaintiff filed an objection to the Bill of Costs, arguing that the court should not tax costs, or at most, tax only the costs for the physical creation of eight CDs for the court and the parties. I find that Plaintiff has not met its burden to overcome the presumption of awarding costs to the prevailing party. Therefore, I grant Defendants' request for $2,148.57 in costs.

## STANDARD

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed

to the prevailing party." Fed. R. Civ. P. 54(d). "Costs" taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821." <u>Twentieth Century Fox Film Corp. v. Entm't Distrib.</u>, 429 F.3d 869, 885 (9th Cir. 2005), citing <u>Crawford Fitting Co. v. J. T. Gibbons, Inc.</u>, 482 U.S. 437, 445 (1987). Under 28 U.S.C. § 1920, the court may tax as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "Taxable costs are limited to relatively minor, incidental expenses…." <u>Taniguchi v. Kan. Pac. Saipan, Ltd.</u>, 633 F.3d 1218, 1221 (9th Cir. 2011) (citation omitted). "It comes as little surprise, therefore, that costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." <u>Id.</u>

Rule 54 creates a presumption in favor of awarding costs to the prevailing party. E.g., <u>Ass'n of Mex.-Am. Educators v. California</u>, 231 F.3d 572, 592-93 (9th Cir. 2000). "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion…[and] explain why a case is not ordinary." <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003) (citation omitted). The court may consider "the losing party's limited financial resources,…misconduct on the part of the prevailing party,…the importance of the issues,…the importance and complexity of the issues,…the merit of the plaintiff's case,…and the chilling effect on future civil rights litigants of imposing high costs." <u>Id.</u>

The district court, however, "needs no affirmatively expressed reason to tax costs. Rather, it need only conclude that the reasons advanced by the party bearing the burden—the losing party—are not sufficiently persuasive to overcome the presumption." Id. at 946. Courts are free to construe the meaning and scope of the items enumerated as taxable costs in 28 U.S.C. § 1920. Taniguchi, 633 F.3d at 1221; Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990). The district court retains broad discretion to decide how much to award, if anything. Padgett v. Loventhal, 706 F.3d 1205, 1209 (9th Cir. 2013). Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

## DISCUSSION

Defendants seek $2,148.57 in costs for formatting and producing the administrative record onto a set of two CDs and the copies provided to various parties.[1] The administrative record consists of over 22,000 pages. Li Decl. [76-1] ¶ 2, Moss Decl. [76-2], Ex. A. Plaintiff raises three objections to the Bill of Costs: (1) Defendants failed to verify the requested costs with an affidavit, as required by Local Rule 54-1, (2) the court should exercise its discretion and decline to award Defendants' costs, and (3) Defendant seeks exemplification costs that are not permitted by 28 U.S.C. § 1920(4).

I.      Bill of Costs Verification Requirement

Plaintiff argues Defendants failed to verify the requested costs with an affidavit asserting that the costs are correct and were necessarily incurred, as required by Local Rule 54-1. Pl.'s Objections 1. Defendants' Bill of Costs is supported by sworn declarations from Defendants'

---

[1] Defendants initially requested $2,173.05, but agreed to reduce the request by $24.48. Defendants concede that two sets of CDs were prepared for Defendants' convenience. Defs.' Resp. 8.

counsel and the vendor who formatted the administrative record and created the CDs.  See Li Decl.; Moss Decl.  I find that Defendants have sufficiently supported their Bill of Costs.

II.	Plaintiff's Request that Defendants Bear Their Own Costs

Plaintiff next argues that this court should exercise its discretion and decline to award costs.  Pl.'s Objections 6.  As noted earlier, a court may decline to award costs, but must explain its reason for doing so.  The following factors have been considered: (1) whether the suit was brought in the public interest, (2) the limited financial resources of the losing party, (3) whether the suit was brought in good faith and whether the claims had merit, and (4) the chilling effect that imposing costs may have on future litigants.  Ass'n of Mex.-Am. Educators, 231 F.3d at 591-593.  I address each of the factors below.

A.  Public Interest

Plaintiff argues that courts give special consideration to parties who bring suit to further the public interest and should consider the equities and public interest at stake in determining whether to award costs to the prevailing party.  Pl.'s Objections 6.  Plaintiff further argues the court must consider that Plaintiff acted as a "private attorney general" to enforce the public interest purpose of the National Environmental Policy Act (NEPA).  Id.  However, Defendants point out that NEPA plaintiffs are not immune from costs of prevailing parties.  Defs.' Resp. 7.  Courts have granted costs to prevailing parties in environmental cases that were brought for the public interest.  E.g., Shasta Res. Council v. U.S. Dept. of Interior, No. CIV-08-645-WSB-CMK, Order at 8, (E. D. Cal. May 12, 2009) (attached as Ex. 1 to Defs.' Resp.); Friends of Tahoe Forest Access v. U.S. Dept. of Agric., No. 12-CV-01876 JAM-CKD, 2014 WL 1575622, at *3 (E.D. Cal. Apr. 17, 2014); Conservation Cong. v. U.S. Forest Serv., No. 2:08-cv-02483-GEB-DAD, 2010 WL 2557183, at *1-2 (E.D. Cal. Jun. 21, 2010), Klamath Siskiyou Wildlands Ctr. v.

Grantham, No. 2:11-cv-01647-MCE-CMK, 2013 WL 3283490, at *3 (E.D. Cal. Jun. 27, 2013). While I recognize that Plaintiff brought this case on behalf of the public, I find that this factor is neutral.

    B.  Limited Financial Resources

Plaintiff asserts it has limited resources and that imposing costs would unduly burden its operations, and will likely force Plaintiff to reduce or cease its activities. Brown Decl. [78-2] ¶¶ 8, 15. Plaintiff cites a District of Hawaii case were the court denied the defendant's bill of costs because the plaintiff had limited financial resources. Doe v. United States, No. 08-00517-BMK, 2011 WL 1637264, at *2 (D. Haw. Apr. 29, 2011). However, the plaintiff in Doe had recently been released from prison. See id. at *1. The plaintiff's financial situation in Doe is not comparable to Plaintiff's situation here. Although Plaintiff is a nonprofit, its operating budget for 2013 was $574,421.[2] Brown Decl. ¶ 8.

Plaintiff also cites a case from this district in which the court declined to award costs. League of Wilderness Defenders v. Forsgren, No. CV-00-1383-RE, Op. & Order at 4, (Or. D. Jul. 5, 2001) (attached as Ex. A to Pl.'s Objections). The facts of that case are strikingly similar to the facts of this case. In League of Wilderness Defenders, the plaintiff was a nonprofit organization that alleged environmental claims against the U.S. Forest Service. The court declined to award costs of $7,051.99, noting the "limited financial resources" of the nonprofit plaintiff and the "great economic disparity between plaintiffs and defendants." League of Wilderness Defenders, Op. & Order at 3. However, the court did not provide any indication of how limited plaintiff's financial resources were. It is difficult to make a comparison between the

---

[2] For 2013, Plaintiff states that only $2,000 was budgeted for litigation, while $499,414 was spent for support staff. Brown Decl. ¶ 8. I am not persuaded that Plaintiff's financial resources are limited simply because Plaintiff chooses to allocate only $2,000 for litigation.

6 - OPINION & ORDER

two cases without that knowledge.  I also note that the costs requested in League of Wilderness Defenders are more than three times greater than the requested costs here.

Plaintiff next argues that $2,148.57 is a "substantial" cost award.  Pl.'s Objections 7.  As previously mentioned, other courts in similar environmental cases have awarded greater amounts in costs.  See, e.g., Shasta Res. Council, Order at 6-7 ($47,141.07 awarded in costs); Friends of Tahoe Forest Access, 2014 WL 1575622, at *3 ($14,875.23 awarded in costs); Conservation Cong., 2010 WL 2557183, at *1 ($3,561.54 awarded in costs); Klamath Siskiyou Wildlands Ctr., 2013 WL 3283490, at *2 ($2,752.70 awarded in costs).  I do not agree that the costs in this case are substantial in comparison to other cases.

C.  Good Faith

Plaintiff argues that costs should not be imposed against parties that sue in good faith because in such instances, "the taxation of costs works as a penalty[.]"  Rural Hou. Alliance v. U.S. Dep't of Agric., 511 F.2d 1347, 1349 (D.C. Cir. 1974).  Good faith is not the lone consideration though, as Plaintiff implies.  The case must also "involv[e] issues as to which the law is in doubt[.]"  Id.  Defendants point out that bringing suit in good faith does not absolve Plaintiff from paying costs and that good faith is not a persuasive enough reason for denying costs Ass'n of Mex.-Am. Educators, 231 F.3d at 598-599.  "[L]iability for costs is a normal incident of defeat[.]"  Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981).  As most cases are required to be brought in good faith pursuant to Rule 11(b), I find this factor to be neutral.

D.  Chilling Effect on Future Litigation

Finally, Plaintiff argues that imposing more than a nominal cost would have the effect of discouraging it, and other similarly situated groups, from pursuing important public interest litigation in the future.  Pl.'s Objections 9-10.  Plaintiff asserts that imposing costs "could chill

7 - OPINION & ORDER

future litigation that seeks to enforce important environmental laws[.]" Id. at 10.  I disagree.  I find that the amount requested by Defendants is reasonable and not so substantial that it would have a chilling effect on future litigation.  As previously mentioned, other district courts have awarded much greater costs in other environmental cases.  I am not persuaded that imposing costs would chill Plaintiff's ability to bring future litigation.

III.     Exemplification Costs

Plaintiff argues that even if the court were to grant Defendants' Bill of Costs, it should reduce those costs to $48.96, the cost of copying the administrative record on eight CDs.  Pl.'s Objections 10.  Plaintiff urges the court to exclude the costs for TIFF conversion, Bates stamping, and coding the administrative record because those costs are preparation costs not recoverable under Section 1920.  Id. at 2-3.  In support, Plaintiff relies on Zuill v. Shanahan, 80 F.3d 1366, 1371 (9th Cir. 1996), in which the court held that "fees for exemplification and copying are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production."  Plaintiff argues the costs requested are analogous to the "intellectual effort" referenced by the Zuill Court.  Pl.'s Objections 4.  In Zuill, the costs disallowed for "intellectual effort" were attorney's fees for work performed to obtain certified copies of copyright registrations.  80 F.3d at 1371.  Zuill is not applicable to the situation here because Defendants are not attempting to claim fees for "intellectual efforts" performed by an attorney.

Plaintiff also argues that the labor costs associated in preparing the administrative record are not compensable.  Pl.'s Objections 3.  In support of this argument, Plaintiff cites Tahoe Tavern Prop. Owners Assoc. v. U.S. Forest Serv., No. CIV S-06-407-LLK/GGH, 2007 WL 1725494, at *2 (E.D. Cal. Jun. 14, 2007).  However, in Tahoe, the labor costs excluded were

those attributed to paralegal time. In fact, Tahoe allowed costs for scanning and Bates stamping the administrative record. Id. at *2. Several courts have found that costs associated with the copying of the administrative record may include labor costs, such as scanning, imaging, and Bates stamping the administrative record. Shasta Res. Council, Order at 8 (holding that U.S.C. § 1920 includes labor costs such as electronic scanning and imaging); Friends of Tahoe Forest Access, 2014 WL 1575622, at *3 ("costs related to converting e-data from one format into another…and Bates stamping are valid exemplification costs"); Conservation Cong., 2010 WL 2557183, at *1 (costs of electronic scanning and imaging allowed). I find that the costs of formatting and preparing the administrative record are proper and were necessarily incurred to produce the administrative record CDs. Thus, such costs are allowed under 28 U.S.C § 1920(4).

Plaintiff finally argues that, at most, it should be taxed exemplification costs for only eight CDs provided to the court, Plaintiff and the Intervenor, and not the cost for 16 CDs that Defendants request. Pl.'s Objections 5. Defendants point out that the additional eight CDs, equivalent to four sets of administrative record, were necessarily incurred because sets were given to the agency counsel, the Department of Justice litigation counsel, the Mount Hood National Forest, and the U.S. Forest Service Regional Office. Defs.' Resp. 7. The production of additional copies of the administrative record for counsel and agencies involved in the litigation are taxable costs. See Klamath Siskiyou Wildlands Ctr., 2013 WL 3283490, at *2-3 (copies of DVDs to government counsel and agencies were necessary to the litigation). I find that the additional four sets of CDs were necessary to the litigation and that Defendants are allowed to recover the cost for all 16 CDs.

/ / /

/ / /

9 - OPINION & ORDER

CONCLUSION

Based on the foregoing, Defendants' Bill of Costs is granted. Defendants are awarded a total of $2,148.57 in costs.

IT IS SO ORDERED.

Dated this 23 day of June, 2014.

                                                MARCO A. HERNÁNDEZ
                                                United States District Judge